ACCELERATED
 OPINION
This is a civil appeal from Lake County Court of Common Pleas. Appellant, The G.R. Osterland Company, appeals the order of the trial court granting appellee's, Ohio Farmers Insurance Company, motion to dismiss.
The instant appeal arises from an alleged breach of contract which arose between appellant and Triple A Bridge Construction Company, Inc. ("Triple A"), concerning two projects known as ODOT Project 72-1994 ("Project 72-1994") and ODOT Project 1089-1992 ("Project 1089-1992"). Appellant and Triple A contracted for Triple A to purchase goods and services from appellant for each of the two projects, and appellant agreed to supply goods and perform services on Triple A's behalf. Appellee became Triple A's surety and provided payment bonds on both of the projects, thus agreeing to be liable to appellant for any amounts owed by Triple A to appellant pursuant to the contract. Appellant provided goods and services to Triple A pursuant to the contract. The Ohio Department of Transportation accepted Project 1089-1992 on April 21, 1995 and Project 72-1994 on April 22, 1997.
On February 24, 1997, appellant filed a complaint in the Cuyahoga County Court of Common Pleas, naming Triple A and appellee as defendants. Triple A and appellee filed a joint motion for a change of venue, which was granted. Thus, on May 12, 1997, appellant refiled the complaint in the Lake County Court of Common Pleas. In the complaint, appellant alleged that Triple A owed an outstanding balance for goods and services provided to it by appellant on Project 72-1994 in the amount of $2,951.36, and $3,568.96 for goods and services provided on Project 1089-1992.
On July 22, 1997, appellee filed a Civ.R. 12(B)(6) motion to dismiss appellant's complaint against it on the basis that appellant failed to comply with the provisions of R.C.5525.16(C). Appellee contended that appellant did not furnish it with a "statement of the amount due" as required by R.C.5525.16(C), and thus, was foreclosed from initiating a lawsuit. The trial court granted appellee's motion to dismiss in a judgment entry filed on November 6, 1997.
In a judgment entry dated November 25, 1997, appellant and Triple A stipulated that Triple A owed appellant $6,520.32, plus interest at the rate of one and one-half percent per month from April 21, 1995, to the date of that judgment entry, plus interest at a rate of ten percent per annum after that entry, plus costs.
On December 23, 1997, appellant timely filed this appeal, asserting the following assignment of error:
 "The trial court erred in granting defendant/appellee Ohio Farmers Insurance Company's motion to dismiss."
Appellant concedes that it failed to comply with R.C.5525.16(C) in regard to Project 1089-1992. Thus, appellant concedes that the portion of the complaint against appellee relating to Project 1089-1992 must be dismissed. However, appellant argues that the trial court erred in granting appellee's motion to dismiss the complaint with regard to Project 72-1994 because it had complied with R.C. 5525.16(C).
Appellant claims that R.C. 5525.16(C) requires that it provide notice to appellee regarding the unpaid amount owed by Triple A not later than ninety days after the work, improvement, or project was accepted. Appellant further claims that because Project 72-1994 was accepted on April 22, 1997, it could notify appellee at any time not later than July 21, 1997. Finally, appellant contends that appellee timely received notice by virtue of the fact that it admitted, in its motion to dismiss, that it had received notice of appellant's claim with the initial filing of the lawsuit in the Cuyahoga County Court of Common Pleas on or about February 28, 1997.
R.C. 5525.16(C) states the following:
 "Any person to whom any money is due for labor or work performed or materials furnished in connection with a work, improvement, or project, at any time after performing the labor or furnishing the materials but no later than ninety days after the acceptance of the work, improvement, or project by the director, may furnish to the sureties on the payment bond a statement of the amount due the person. If the indebtedness is not paid in full at the expiration of sixty days after the statement is furnished, the person may commence an action in the person's own name upon the bond as provided in sections 2307.06 and 2307.07 of the Revised Code.
 "An action shall not be commenced against the sureties on a payment bond until sixty days after the furnishing of the statement described in this section or, notwithstanding section 2305.12 of the Revised Code, later than one year after the date of the acceptance of the work, improvement, or project."
There is an absence of case law concerning the interpretation of the language "statement of the amount due" contained in R.C.5525.16(C). However, by comparing the interpretation of nearly identical language contained in General Code section 2365-3, which is now amended as R.C. 153.56, we are able to provide a more precise analysis of R.C. 5525.16(C).
General Code section 2365-3 read as follows:
 "Any person, firm or corporation to whom any money shall be due on account of having performed any labor, or furnished any material in the construction, erection, alteration or repair of any such building, work or improvement, at any time after performing such labor or furnishing such material, but not later than ninety days after the acceptance of such building, work or improvement by the duly authorized board or officer, shall furnish the sureties on said bond, a statement of the amount due to any such person, firm or corporation.
 "No suit shall be brought against sureties on said bond until after sixty days after the furnishing of said statement. If said indebtedness shall not be paid in full at the expiration of said sixty days * * * may bring an action in his own name upon such bond * * * to be commenced not later than one year from the date of acceptance of said building, work or improvement." (Emphasis added.) See Atkinson v. Orr-Ault Constr. Co. (1931), 124 Ohio St. 100.
In Atkinson, the plaintiff was a subcontractor to the Orr-Ault Construction Company, which had given bond to an insurance company as surety for unpaid debts on the contract. After Orr-Ault failed to complete the contract by making payment to the plaintiff, the plaintiff filed a lawsuit against the surety (the insurance company) on the performance bond. After the lawsuit was filed, the trial court dismissed the plaintiff's action solely on the basis that the plaintiff had failed to submit a "statement of the amount due" to the surety, prior to the lawsuit, in accordance with General Code section 2365-3.
On review, the Supreme Court of Ohio upheld the trial court's ruling on the basis that the plaintiff was required under the statute to "furnish the sureties on the bond of the principal contractor a statement of the amount due * * * before suit [could] be brought upon such bond." Id. at 102-103. The supreme court also held that the failure to provide a surety with the required statement was a jurisdictional issue, which deprived the trial court of jurisdiction to hear the case. Id.
In Southern Surety Co. v. Schmidt (1927), 117 Ohio St. 28, paragraph one of the syllabus, the Supreme Court of Ohio held:
 "1. The statement required to be furnished to a surety by Section 2365-3, General Code, need not be prepared with the particularity of detail required in a statement of account. It is sufficient if the statement advises the surety of the amount due and that it is for labor performed or material furnished in the construction of the improvement for which the bond is given."
Additionally, the supreme court concluded that General Code section 2365-3 could not be characterized merely as a "notice" provision, since the legislature employed the word "statement," which demonstrates that "something more than a mere notice [to the surety] is necessary." Id. at 33-34.
In our reading of R.C. 5525.16(C), we take a literal approach to an interpretation of its language, as the supreme court had done when it interpreted General Code section 2365-3. Accordingly, appellant was required to furnish appellee, the surety, with a statement of the amount due prior to initiating any legal action. In addition, we expressly hold that the requirement to provide such statement to the surety prior to instituting any legal action is necessary in order to vest the trial court with subject matter jurisdiction.
Also, we apply the ruling in the case of Southern Surety, as it relates to the contents of a statement of the amount due, and, therefore, hold that a statement of the amount due need only advise the surety of the actual amount due and specify that it is for labor performed or material furnished in the construction of the improvement for which the bond was given. Finally, we conclude, as the court did in Southern Surety, that the legislature's use of the term "statement" in R.C. 5525.16(C) rather than the word "notice" demonstrates that the provision requires something more than mere notice to a surety that it is subject to a lawsuit. Thus, we are not persuaded by appellant's continual reference that R.C. 5525.16(C) simply requires "notice" to appellee that it will be sued as a surety.
The facts of this case clearly show that appellant failed to submit to appellee a statement of the amount due, as required by R.C. 5525.16(C). Consequently, the trial court never had jurisdiction to hear the case and properly granted appellee's motion to dismiss. Thus, appellant's assignment of error is meritless.
For the foregoing reasons, appellant's assignment of error is without merit and the judgment of the Lake County Court of Common Pleas is affirmed.
____________________________________
PRESIDING JUDGE DONALD R. FORD
NADER, J., concurs in judgment only with Concurring Opinion,
O'NEILL, J., concurs.